Although the trustee's motion did not expressly reference section 328(a), the moving papers clearly identified a contingent fee arrangement that this Court could only authorize under the authority of that statute. On the totality of the circumstances, we find that a contingent fee arrangement was properly pre-approved.
"Where the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained." In re Smart World Technologies , 552 F.3d at 232. Pursuant to 11 U.S.C. § 328(a), a contingent fee arrangement can be disregarded only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." Here, based upon a determination that the defendants had no other meaningful resources against which a judgment could be satisfied, special counsel recommended a settlement that merely allocated funds already being held in escrow. At issue is whether this lack of resources is a consideration not capable of being anticipated.
To creditors everywhere, the very existence of a bankruptcy code serves as a reminder that the legitimacy of a claim does not guarantee a monetary recovery. For this reason, a defendant's ability to pay will always remain a necessary and proper consideration in the development of litigation strategies. Moreover, because they rarely administer cases that achieve full repayment to creditors, Chapter 7 trustees know that even valid claims are not necessarily collectible. In the present instance, as in any litigation, the parties not only had the capacity to anticipate the consequences of the defendants' lack of financial resources, but should have contemplated this possibility at the time of appointment of counsel.
The trustee represents that his settlement recommendation takes into account the financial resources of the defendants. Because this was a consideration capable of being anticipated, the Court finds no improvidence in its approval of the contingent fee arrangement. Accordingly, the payment of the contingent fee is appropriately allowed. The trustee may therefore proceed to pay $33,796.60 to his special counsel on account of services rendered.
So ordered.